**APPLICATION of David A. HIGBEE and Joseph C. Jasper.**

**Patent Appeal No. 75–631.**

United States Court of Customs and Patent Appeals.

Jan. 29, 1976.

John W. Melville, Melville, Strasser, Foster & Hoffman, Cincinnati, Ohio, of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Gerald H. Bjorge, Washington, D. C., of counsel.

*Jack Daniel Distillery v. United States, supra,* 379 F.2d at 577, 180 Ct.Cl. at 320 n. 9, 338, 348.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals affirming the rejection of claims 12–19 in application serial No. 330,189, filed February 7, 1973, entitled "Steel Clad Stainless Composite Article." The application is a division of application serial No. 162,660, filed July 14, 1971, in turn a division of application serial No. 796,616, filed February 4, 1969. The appealed claims were copied from a patent to Sheppard (No. 3,602,631, filing date of June 4, 1970) to provoke an interference. The examiner rejected the claims under 35 U.S.C. § 132 as being drawn to new matter and under 35 U.S.C. § 102 as being anticipated by Sheppard. We affirm.

*Background*

Appellants state that they have invented a corrosion-resistant laminated material made of a central layer of stainless steel between outer layers of carbon steel. The appealed claims, however, are directed to "electrical apparatus" and were copied by preliminary amendment from the Sheppard patent, which appellants state "was claiming a transformer casing *made from* applicants' material." (Emphasis ours.) Claim 12, the independent claim, corresponds to Sheppard claim 1. With our emphasis and brackets, the significance of which will appear, it reads:

12. [Electrical apparatus comprising:

a casing,

an electrically conductive element disposed in said casing, said electrically conductive element being adapted for connection to an electrical potential;

and *fluid means disposed in said casing*,]

*said casing* being at least partially constructed from a laminated metallic structure having at least first, second and third layers, said first layer being a structural layer, in contact with *said fluid means,* said second layer being a barrier layer, disposed between said first and third layers, to protect said first layer from corrosion, and said third layer being anodic to said second layer, forming a sacrificial anode to reduce pitting corrosion of the second layer.

*The Rejections*

Both rejections are founded on lack of "support" for the phrase "fluid means disposed in said casing," which is present in all the appealed claims. It is implicit that "support" here refers to the "written description of the invention" required by the first paragraph of 35 U.S.C. § 112.

As restated by the board, the rejection under § 132 is on the ground that the phrase in question "is considered to have insufficient basis in the instant specification or in the specifications of the parent applications" and since the claims which contain the phrase were added by amendment, "said phrase is considered to be new matter in the instant application."

The rejection under § 102 is on Sheppard, which the board considered to be a "valid reference" because "appellants have failed to show a right to an effective filing date prior to that of the Sheppard reference" since, as the examiner stated, "There is no basis in the previous application that will support all the structure of the claims * * *." Restated, this rejection is under § 102(e), appellants having been denied the benefit, under 35 U.S.C. § 120, of the filing date of their '616 application, which antedates the filing date of the Sheppard patent and would remove that patent as a reference if it described "fluid means disposed in said casing" within the meaning of the first paragraph of § 112. Of course, it is not disputed that the appealed claims read on the Shep-

pard patent disclosure since they were copied from it.

### Appellants' Argument

At the hearing, appellants expressly abandoned their argument below, which was that their applications do support "fluid means disposed in said casing." Instead, they argue that they need not support that phrase because it occurs in a non-limiting preamble and therefore is not a limitation of the claims. Their argument rests on statements in *Kropa v. Robie,* 187 F.2d 150, 38 CCPA 858 (1951), such as: "the preamble has been denied the effect of a limitation where the claim * * * was drawn to a structure and the portion of the claim following the preamble was a self-contained description of the structure not depending for completeness upon the introductory clause * * *." 187 F.2d at 152, 38 CCPA at 861. Appellants find such a preamble in that part of claim 12 which we have bracketed, and they have characterized this "preamble" as describing "a conventional type of transformer." What follows this "preamble" is what appellants call the "gist and meat" of the claims, "the material from which the casing is constructed." This material, they say, "is the invention of the Appellants here," and they assert that Sheppard is "claiming" a casing made of it.

### OPINION

Appellants' arguments are without merit. The part of the appealed claims following what appellants assert to be a non-limiting "preamble" cannot and does not stand alone. The first words following this "preamble" are "said casing," referencing part of the "preamble" which appellants would have us ignore, thus contradicting their argument. More importantly, the very phrase which underlies the rejections, "fluid means disposed in said casing," is referenced as "said fluid means" in that part of the claims following the "preamble," the part which appellants tacitly admit they must support. There can be no doubt that the structure "fluid means disposed in said casing" is a material limitation of the claims. It is also inaccurate to say that Sheppard is "claiming" appellants' laminate. The patent is claiming "electrical apparatus" in the form of a combination of elements including, in addition to the "fluid means," a casing and an electrically conductive element. Conceding what is obvious, that the laminated casing is the principal *feature* of the apparatus claim, a claim to a combination is not a claim to one of the elements composing it.

Since appellants have no support for the "fluid means" element, that element being a material element of all claims, the decision of the board is *affirmed.*

*Affirmed.*